Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

### ORDER

PER CURIAM.

We have reviewed the response to the court's March 16, 2006 order to show cause, and we conclude that petitioners have failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir. 2003); *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) (upholding constitutionality of NACARA); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, we *sua sponte* dismiss this petition for review for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

DISMISSED.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

**Cornelio Arcos MEMIJE; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71282.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Cornelio Arcos Memije, Corona, CA, pro se.

Maria Del Rosario Rendon Velez, Corona, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Leslie McKay, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

### ORDER

PER CURIAM.

We have reviewed the response to the court's March 27, 2006 order to show cause, and we conclude that petitioners have failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Accordingly, we *sua sponte* dismiss this petition for review for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

DISMISSED.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

Francisco **BARRIGA–PARTIDA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–71392.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Francisco Barriga–Partida, San Diego, CA, pro se.